UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CECIL BELLAMY, | CASE NO. 3:25-cv-05161-DGE |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 20) |
| v. | |
| FOREMOST INSURANCE COMPANY GRAND RAPIDS MICHIGAN, | |
| Defendant. | |

Before the Court is Plaintiff's motion for reconsideration of the Court's order denying the parties' stipulated motion for an extension of expert disclosure deadlines. (Dkt. No. 20.) On February 20, 2026, the parties filed the stipulated motion seeking an extension of these deadlines. (Dkt. No. 17.) The parties did not offer any reason for seeking an extension and instead cited to a non-existent scheduling order for the proposition that the parties could modify the deadlines without filing a motion. (*Id.*) On February 23, 2026, the Court denied the parties' motion, directing the parties to the Court's scheduling order which unambiguously provides that deadlines are firm and can only be changed by order of the Court upon a showing of good cause.

ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 20) - 1

(Dkt. No. 18.)  The Court also noted the stipulated motion failed to establish good cause and was filed the same day as the expert disclosure deadline.  (*Id.*)

On March 10, 2026, Plaintiff filed the instant motion for reconsideration.  (Dkt. No. 20.)  Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence.  LCR 7(h)(1).  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

First, it appears the motion for reconsideration may be untimely.  Motions for reconsideration must be filed within 14 days after the order to which it relates is filed.  Local Civil Rule 7(h)(2).  The Court issued its order on February 23, 2026, meaning any motion for reconsideration was due no later than March 9, 2026.  While Plaintiff did file something on the docket on March 9th (*see* Dkt. No. 19), the motion for reconsideration was not filed until March 10, 2026.  Second, the motion does not identify any manifest error in the Court's prior ruling nor identify any facts or legal conclusions that could not have been raised previously.

ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 20) - 2

Accordingly, the motion for reconsideration (Dkt. No. 20) is DENIED.  Assuming the parties desire to file a new motion identifying the factual and legal basis supporting any relief requested, said motion should be filed with an appropriate declaration outlining in detail the factual basis for the relief requested and for failing to comply with the Court's schedule.

Dated this 10th day of March, 2026.

David G. Estudillo
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 20) - 3